**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SARAH HAILSTONE,
Plaintiff-Appellant,

v.

No. 96-2009

VEDA, INCORPORATED; RICHARD
MOZELESKI,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-1691)

Submitted: May 27, 1997

Decided: June 18, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan C. Dailey, Washington, D.C., for Appellant. J. Jonathan
Schraub, Alexandria, Virginia; David Guy Brickley, Woodbridge,
Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sarah Hailstone appeals from a district court order that granted summary judgment to her former employer and a client of the employer in her civil action in which she alleged sexual harassment, constructive discharge, and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1994), and state law claims of intentional infliction of emotional distress. We affirm.

We review a grant of summary judgment de novo, and summary judgment is proper if, viewed in the light most favorable to the non-moving party, the record shows there is no genuine issue of material fact. Cooke v. Manufactured Homes, Inc., 998 F.2d 1256, 1260 (4th Cir. 1993). To establish a violation of Title VII based upon a hostile work environment, a plaintiff must show that "the conduct in question was unwelcome, that the harassment was based on sex, and that the harassment was sufficiently severe or pervasive to create an abusive working environment." Swentek v. USAIR, Inc. , 830 F.2d 552, 557 (4th Cir. 1987). Plaintiff must also show some basis for imposing liability on the employer. Id. The employer is liable when it had "actual or constructive knowledge of the existence of a sexually hostile working environment and took no prompt and adequate remedial action." Id. at 558. Conduct that is not severe or pervasive enough to create an objectively hostile work environment is beyond Title VII's purview. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

We agree with the district court that summary judgment was appropriate as to Hailstone's sexual harassment claim. When we construe the record in the light most favorable to her, we find that the conduct she alleges was not severe or pervasive enough to support her claim that she worked in an objectively hostile work environment. In addition, Hailstone failed to show that Veda did not act promptly in response to her allegations.

2

As for Hailstone's constructive discharge claim, an employee is entitled to relief under Title VII if an employer takes deliberate action to make the employee's working conditions intolerable in an effort to force the employee to quit. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1353-54 (4th Cir. 1995). Hailstone must demonstrate the deliberateness of the employer's actions, the intolerability of the working conditions, and that the acts complained of were intended by the employer as an effort to force the employee to quit. We agree with the district court that Hailstone failed to establish these criteria.

Hailstone's retaliation claim also likewise fails. In order to establish such a claim, Hailstone must show she engaged in protected activity, the employer took adverse action against her, and there is a nexus between her protected activity and the adverse employment action. Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 754 (4th Cir.), cert. denied, ___ U.S. #6D6D 6D#, 65 U.S.L.W. 3240 (U.S. Oct. 7, 1996) (No. 95-1961). Even if we found Hailstone engaged in protected activity, she has not established that Veda took any adverse employment action against her. Therefore, we find summary judgment appropriate as to this claim.

Finally, as for Hailstone's claims of intentional infliction of emotional distress, we find summary judgment was also appropriate. A threshold showing for such a claim is of "outrageous and intolerable" conduct that offends generally accepted standards of morality and decency. Dwyer v. Smith, 867 F.2d 184, 194 (4th Cir. 1989). Whether the conduct is sufficiently outrageous to sustain such an action is a question of law for the court, and once the court finds the conduct in question did not create a hostile or abusive work environment, a claim of intentional infliction of emotional distress based upon the same conduct should not go forward. Id. Hailstone's claims of intentional infliction of emotional distress are based upon the same conduct that we find does not support her Title VII claims. We therefore conclude that the district court properly granted summary judgment as to these claims as well.

For these reasons, we affirm the district court's order in all respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3